United States District Court
Southern District of Texas
**ENTERED**
October 27, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| DONTANIA LAN'EA BRADFORD, | § | |
| | § | |
| *Plaintiff*, | § | |
| VS. | § | CIVIL ACTION NO. 4:26-CV-5305 |
| | § | |
| SN SERVICING CORP., and U.S. BANK | § | |
| TRUST NATIONAL ASSOCIATION | § | |
| *individually and as Trustee for LB-SHED Series* | § | |
| *V Trust*; | § | |
| | § | |
| *Defendants*. | | |

**ORDER**

Pending before this Court is Defendants SN Servicing Corporation ("SN Servicing") and U.S. Bank Trust National Association's ("US Bank") (collectively, "Defendants") Motion to Dismiss.[1] (Doc. No. 10). Plaintiff Dontania Lan'ea Bradford ("Bradford") has responded in opposition.[2] (Doc. No. 12). After reviewing the motions and the law, the Court hereby **GRANTS** Defendants' Motion to Dismiss. (Doc. No. 10).

1 Also pending before the Court are: Plaintiff's Motion for Summary Judgment, (Doc. No. 8); Defendants' Motion for Permanent Pre-Filing Injunction (Doc. No. 17); and several other requests for relief from Plaintiff. (Doc. Nos. 13, 14, 15, 16, 20, 21). The Court denies all of these motions as moot.

2 The Court notes that Plaintiff's complaint, on its first page, includes a "Nijoel Jackson" in the heading. The complaint does not contain any other mention of, or any allegations relating to Jackson. Throughout the complaint, "Plaintiff" is used in the singular form. Additionally, in the "Parties" section of the complaint, only one Plaintiff is identified: "the former owner and occupant of the subject property." Finally, the complaint is signed only by Dontania Lan'ea Bradford, *pro se*. That being the case, Jackson is dismissed a party to this action. Assuming that Jackson's inclusion in the case caption was intentional, Plaintiff has failed to allege any of the requirements to show that Jackson has Article III standing. Most notably, the complaint does not include any allegation that Jackson owned an interest in the subject property, executed or signed the Note on which Defendants foreclosed, or even *lived* at the property. The complaint does not in any way state a claim upon which this Court could grant relief.

## I. Factual Background

This case arises out of a foreclosure action. Beginning in the days before the foreclosure, and continuing through the present, Bradford has pursued federal and state litigation in an attempt to stop said foreclosure. Bradford filed a complaint against the same defendants in the United States District Court for the Southern District of Texas on February 18, 2025, and the case was assigned to Judge Keith P. Ellison ("First Case"). Complaint Against All Defendants, Dkt. No. 1, *Bradford v. SN Servicing Corp.*, No. 4:25-cv-00710 (S.D. Tex. 2025, Ellison, J.). Judge Ellison dismissed the case with prejudice on June 11, 2025. *See id.* at Dkt. No. 73 (July 2, 2025) (stating that dismissal with prejudice was granted at a hearing on June 11, 2025). Bradford appealed the dismissal, and the Fifth Circuit affirmed the district court. *Bradford v. SN Servicing Corp.*, No. 25-20275 (5th Cir. April 9, 2025).

Apparently, Bradford has also sought relief in the United States Bankruptcy Court for the Southern District of Texas and in Harris County courts. Both cases were dismissed. (Doc. No. 10–7 (Harris County Civil Court at Law Final Judgment); Doc. No. 10–4 (Bankruptcy Dismissal)). Returning to the present case, Defendants have moved to dismiss Bradford's claims under Rule 12(b)(6).[3]

## II. Legal Standard

Defendants have moved to dismiss Plaintiff's Complaint for failure to state a claim upon which relief could be granted. FED. R. CIV. P. 12(b)(6). To defeat a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."

---

[3] Defendants also moved under Rule 12(b)(1), however, their 12(b)(1) arguments appear to be directed at Jackson, whom the Court has determined is not a party to this action.

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court is not bound to accept factual assumptions or legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678–79. When there are well-pleaded factual allegations, the court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.*

## III. Analysis

Defendants primarily argue that claim preclusion bars Plaintiff's entire case due to the final judgment entered by Judge Ellison. The Supreme Court has held that "[u]nder the doctrine of claim preclusion, a final judgment forecloses 'successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit.'" *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001). The test for claim preclusion (or res judicata) has four elements:

> (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded

> by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions.

*Snow Ingredients, Inc. v. SnoWizard, Inc.*, 833 F.3d 512, 521 (5th Cir. 2016).

The first three elements are met here. Bradford is suing the same Defendants she sued in the prior action, and that court—exercising federal question jurisdiction—entered a final judgment, which was affirmed by the Fifth Circuit. Dkt. No. 73 *Bradford v. SN Servicing Corp.*, No. 4:25-cv-00710 (S.D. Tex. 2025, Ellison, J.) (stating that dismissal with prejudice was granted at a hearing on June 11, 2025); *Bradford v. SN Servicing Corp.*, No. 25-20275 (5th Cir. April 9, 2025). That being the case, the question of claim preclusion turns on whether this action involves the same claim or cause of action as the First Case.

To determine whether the fourth element is met, the Fifth Circuit asks whether the two suits are "related in time, space, origin, or motivation, whether they form a convenient trial unit, in short, whether they are based on the same nucleus of operative facts." *SnoWizard*, 833 F.3d at 521 (citation modified). A plaintiff "cannot revive old facts under a new legal theory." *Id.* at 522.

Bradford's claims in this action clearly arise from the same nucleus of operative facts as the claims in the First Case. As an initial matter, the cases concern the same property and the same mortgage note. In the First Case, Bradford asserted that Defendants engaged in "fraudulent loan servicing practices," "failed to provide material disclosures," "failed to disclose the true nature of the financing," and "failed to disclose the true lender." Complaint Against All Defendants, Dkt. No. 1, *Bradford v. SN Servicing Corp.*, No. 4:25-cv-00710 (S.D. Tex. 2025, Ellison, J.). In this case, Bradford asserts that "concealment of material facts resulted in the deprivation of constitutionally protected property interests without due process of law," "this action challenges alleged fraudulent concealment," and "material facts were concealed throughout the foreclosure

process." (Doc. No. 1). That being the case, claim preclusion applies here, and bars Bradford's action.

## IV. Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss, (Doc. No. 10), is **GRANTED**. Bradford's claims are hereby dismissed with prejudice. All other pending motions are **DENIED** as moot.

It is so ordered.

Signed on this the 27th day of October 2026.

Andrew S. Hanen
United States District Judge